[No. 18347.    Department Two.—November 18, 1895.]

## JAMES CHISHOLM, RESPONDENT, v. WASHINGTON KEYFAUVER, APPELLANT.

SLANDER—CHARGE OF THEFT—ADMISSIONS OF DEFENDANT—INSTRUCTION INAPPLICABLE TO EVIDENCE.—In an action of slander for accusing the plaintiff of theft, where there is no evidence that the plaintiff confessed to the theft to the defendant, an instruction to the jury that if they believed from the evidence that the plaintiff stated to the defendant that he had stolen the articles mentioned in plaintiff's complaint, and that defendant without malice made the statements charged in pursuance of such belief, if he did make them, the plaintiff cannot be heard to complain, is improper as being inapplicable to the evidence, and, if given, must be deemed prejudicial to the plaintiff, where the verdict of the jury and the judgment of the court were in favor of the defendant; and a new trial may properly be granted for error in the giving of such instruction.

APPEAL from an order of the Superior Court of Sutter County granting a new trial.    E. A. DAVIS, Judge.

The facts are stated in the opinion of the court.

*Reece Clark*, and *K. S. Mahon*, for Appellant.

As there was evidence to show that the plaintiff had intentionally by his admissions, conversation, and suspicious acts led defendant to believe that he was a hog thief, defendant was entitled to have an instruction upon it, and the court did not err in giving defendant's eighth instruction. (*Perlberg* v. *Gorham*, 10 Cal. 120; *Davis* v. *Russell*, 52 Cal. 611.)

*W. H. Carlin*, and *M. E. Sanborn*, for Respondent.

If, for any cause, the verdict and judgment ought to have been set aside and a new trial granted, the order should be allowed to stand whether the reason assigned for it was right or wrong. (Hayne on New Trial and Appeal, sec. 284; *Hastings* v. *Steamer Uncle Sam*, 10 Cal. 341; *Bolton* v. *Stewart*, 29 Cal. 615; *Grant* v. *Moore*, 29 Cal. 644; *Coghill* v. *Marks*, 29 Cal. 673; *Borkheim* v. *Fireman's Fund Ins. Co.*, 38 Cal. 506; *Chabot* v. *Tucker*, 39 Cal. 435; *Altschul* v. *Doyle*, 48 Cal. 536.)

THE COURT.—Action for slander.    The complaint is composed of three counts.    The first charges, in substance, that the defendant maliciously and falsely spoke and published of and concerning the plaintiff, in the presence and hearing of one R. M. Rockholt, at a specified time and place, that he (defendant) believed that plaintiff stole a certain hog then in plaintiff's possession, thereby meaning and intending to accuse the plaintiff of being guilty of grand larceny; and that said Rockholt so understood the words spoken.    The second count is in substance the same as the first, except that the speaking and publication were at a different time and place, and in the presence and hearing of a different person, viz., one J. R. Young.    The third count charges that defendant, in the presence and hearing of said J. R. Young, accused plaintiff of having stolen a certain halter strap, intending thereby to charge plaintiff with being guilty of petit larceny, and being so understood by Young, etc.

The answer of the defendant is, perhaps justly, criticised on the ground that it does not specifically nor unqualifiedly deny the speaking or publication of the words alleged to have been spoken; but as there was no demurrer to the answer, and as the cause appears to have been tried, as if the denials were sufficient, it is unnecessary to consider this point.

In addition to denials, the defendant alleged in his answer the following:

"For a further and separate defense, defendant alleges that the plaintiff in said action did, in the month of February, 1893, at Sutter county, admit and state to defendant that he, the plaintiff, had been guilty of stealing hogs; that plaintiff stated to defendant that he, plaintiff, had stolen a pig or young hog, of a fine breed of hogs, from one Mumaw, and that plaintiff pointed out said pig or hog to defendant, and insinuated that he had stolen the same.

"That, at about the time and place last aforesaid, plaintiff stated to the defendant that he, plaintiff, had

lay hidden in the brush near the barn of one Frazier nearly a whole day for the purpose of stealing pigs belonging to said Frazier, and did at said time succeed in stealing about five of said pigs, and did carry said pigs away from said Frazier's in a sack, and bring them to the premises of this defendant, where plaintiff resided, and turn them out, where they now remain.

"That as to the said hog, which plaintiff charges the defendant with having stated that plaintiff did steal said hog, defendant alleges that plaintiff told him conflicting stories as to the manner in which plaintiff had acquired said hog, and did, in the opinion of defendant, act suspiciously when questioned as to how he, plaintiff, had become possessed of said hog, and if defendant ever made any statement in regard to plaintiff and the manner of his acquisition of said hog, that was in any way derogatory to the good name of plaintiff, such statement was brought about by the admission aforesaid in regard to the stealing of the hogs of Mumaw and of Frazier, and the suspicious actions and contradictory statements of plaintiff when questioned about the hog that defendant is charged by plaintiff with having stated that plaintiff had stolen.

"That in relation to said halter strap, defendant alleges that plaintiff made many contradictory statements about how he became possessed of the same, and that such contradictory statements, coupled with the admissions to defendant that plaintiff did steal hogs, caused defendant to believe that plaintiff might have been guilty of stealing said halter strap, and if defendant ever made any statement touching the manner in which plaintiff had acquired said strap, such statement was made in a general way that the plaintiff was dishonest, and was based upon the admissions of plaintiff that he had stolen hogs and had 'swiped' the halter strap, 'swiped' being a word which plaintiff used when questioned by defendant as to his manner of acquiring said strap.

"That at divers times within the year last past plain-

tiff has taken wood from the premises of others, without their knowledge or consent, and without right, and surreptitiously and clandestinely, that is to say, plaintiff has admitted to the defendant that he has done so.

"That the 'Young' mentioned in plaintiff's complaint, in 1892 or 1893 stated to defendant that plaintiff had solicited said Young to engage with him, plaintiff, in 'trapping' hogs in Colusa county, meaning thereby that plaintiff and Young should steal hogs in said county.

"That if defendant ever used any language toward plaintiff that could be construed into the meaning that plaintiff stole hogs or halter straps, defendant made such statement fully and honestly believing that the same was true, and that he made the same without malice and for justifiable ends, and without intending to injure or damage plaintiff, and that such statements were caused by the admissions of plaintiff to the defendant aforesaid, and by the suspicious conduct and equivocal actions of plaintiff when questioned as to his manner of the acquisition of said hogs and halter strap.

" That if defendant ever made the statement imputed to him about plaintiff, or anything that could be construed to imply that plaintiff did steal said strap and hog, that defendant verily believes that such statement was true, as the plaintiff had, as hereinbefore alleged, stated that he, plaintiff, had been guilty of both grand and petit larceny in stealing pigs and in 'swiping' [stealing] the halter strap.

"Wherefore, defendant demands judgment against plaintiff for his costs."

The verdict of the jury and the judgment of the court were in favor of the defendant. The plaintiff moved for a new trial on the grounds of insufficiency of the evidence, that the verdict is against law, and errors in law. The court granted a new trial, but upon what ground the record does not show. The appeal is from the order granting a new trial.

Counsel for appellant says in his brief that the new trial was granted solely on the ground that the court

erred in giving the following instruction, at request of defendant:

"Subdivision 3 of section 1962 of the Code of Civil Procedure of this state, which declares the law, reads: 'Whenever a party has, by his own declarations, act, or omission, intentionally and deliberately led another to believe a particular thing true, and to act upon such belief, he cannot, in any litigation arising out of such declaration, act, or omission, be permitted to falsify it.' I therefore instruct you that if you believe from the evidence that Chisholm stated to defendant that he, Chisholm, had stolen the hog and halter strap mentioned in plaintiff's complaint, and that Keyfauver, without malice, made the statements charged in pursuance of such belief (if he did make them), Chisholm cannot, in such case, be heard to complain. For it is a well-settled rule of law that no man has a right to take advantage of his own willful and deliberate wrongs."

Counsel for appellant further says in his brief that in granting the motion for a new trial the court said: "That if said instruction is correct law, it provides a new mode of justification, and that a defendant may justify a slanderous charge without proving its truth. . . . . Besides, I find no evidence in the statement showing that plaintiff confessed to the defendant that he stole either the hog or the strap. This instruction, therefore, constitutes an error, which must be deemed prejudicial to plaintiff, and it is by reason of this error alone that I shall grant a new trial."

Counsel for respondent does not deny that the court used this language, but contends not only that the giving of this instruction was error, but also contends that the order granting a new trial is justifiable on other grounds, and especially on the grounds that the evidence was insufficient to justify the verdict of the jury, and that the court erred in striking out plaintiff's evidence of his good character.

Without deciding as to the merits of the instruction in question as an abstract proposition of law, I think

the court was right in saying it was not applicable to the evidence, and yet might have been prejudicial to plaintiff.

The order appealed from is affirmed, with leave to the defendant to amend his answer if so advised.